No. 103.—GEORGE W. TOWNS, Gov. &c. for the use of BREED-
LOVE, &c. *vs.* JOHN S. STEPHENS, SAMUEL T. BEECHER and
others, defendants in error.

[1.] A bond being taken and approved by three Justices of the Inferior Court,
to protect the people of a County, from the official misconduct of the Sher-
iff elect, it is not competent for the same Justices to discharge this obliga-
tion, by the substitution of another bond, some thirty days thereafter; espe-
cially, where one of the three Justices was a *co-obligor* in the *first* bond.

Debt, &c. in Baldwin Superior Court.  Tried before Judge
HANSELL, Feb. Term, 1851.

This was an action on a Sheriff's bond, made by John S.
Stephens, as principal, and Samuel T. Beecher, M. J. Kenan,
and John M. Maclin, as sureties, and attested by Charles D.
Hammond and John S. Thomas, two of the Justices of the Infe-
rior Court of Baldwin County.

On the trial, the plaintiff proved by John S. Thomas, that he
was present on the 11th day of January, 1840, when the bond
was executed; Hammond and Samuel T. Beecher, were also
present, being Justices also of the Inferior Court.  The bond
was accepted by the three Justices, as a Sheriff's bond; Beech-
er did not attest the bond, because he was one of the sureties;
witness objected to taking the bond for some time, but he
yielded to the others.  The bond was then tendered and read
to the Jury, as a voluntary bond; the breach by the Sheriff was
admitted, in failing to pay over money on a judgment, obtained
in October, 1840.

Defendants then proved by John S. Thomas, that on the 3d
March, 1840, a second bond was executed by Stephens, the
Sheriff, with other sureties, attested and approved by three Jus-
tices of the Inferior Court—Beecher, the surety to the *first* bond,
being one of them—and was taken in lieu of, and as a substitute for
the first bond; the Justices believing the first bond illegal.  No
one was present when the second bond was taken, except the
Justices and the obligors thereto.  An affidavit of illegality had

Towns *vs.* Stephens and others.

been filed by Col. S. Rockwell, to a levy by Stephens, on the ground that the first bond was not good—Beecher being a surety thereto, who was one of the Court. Gov. McDonald, the obligee, was not present. Similar evidence was offered by the depositions of Charles B. Hammond, another Justice of the Inferior Court.

The second bond, dated 3d March, 1840, was then offered in evidence.

Counsel for plaintiff objected to the bond, and all of the evidence going to show that the new bond was received as a substitute for the first bond, on the ground that it was not competent for the Justices who took the second bond, to discharge the obligees to the first bond.

The Court overruled the objection, and this decision is assigned as error.

Plaintiff's counsel requested the Court to charge the Jury: " That the taking of the second bond was no discharge of the obligations of the first bond, upon which this action is brought, and that plaintiff was entitled to recover, notwithstanding the execution of the second bond, and notwithstanding any undertaking or agreement, at the time of the execution of the second bond, by the Justices, that the same should operate as a discharge of the first bond."

The Court refused so to charge, but on the contrary, instructed the Jury, among other things—" that if the Jury believed that Stephens, after the execution of the bond sued on, gave a second bond, which was accepted by three Justices of the Inferior Court, in lieu of, and as a substitute for the bond sued on, then the sureties on the first bond were discharged from liability for the misconduct of the Sheriff, occurring after the acceptance of such second bond."

The refusal to charge, and the charge as given, are assigned as error.

CONE, counsel for plaintiff in error, submitted the following points and authorities:

1st. The bond sued on, is a valid bond, although attested by only two Justices. Certainly it is a good Common Law bond. *Stephens vs. Treasurers,* 2 *McCord,* 107. *Goodman vs. Caroll,* 2 *Humph.* 490. *State vs. McAlpine,* 4 *Iredell,* 140. 3 *Dev. R.* 384. 4 *Ib.* 270. 10 *Yerger,* 465. *Carmichael vs. Gov.* 3 *How. Miss. Reps.* 236. *Bryan vs. Greene,* 8 *Miss. R.* 115. *Schellinger vs. Yends,* 12 *Wend.* 306. *Young vs. State,* 7 *Gill & Johnson,* 253. *Stephens vs. Crawford,* 1 *Kelly,* 574. 3 *Ib.* 499. 5 *Ib.* 569.

2d. The Justices possessed no power to discharge the obligations of this bond, or to release the obligors from their liability upon it. *Prince's Dig.* 176, '7, 430. *Taylor vs. Auditors,* 2 *Pike's Reps.* 174. *Hill vs. Calvert,* 1 *Rich. Eq. Reps.* 56. *Polk vs. Wisner,* 2 *Humph.* 520. *State vs. McLean,* 2 *Blackford,* 192. *Bank of Newbern vs. Pugh,* 1 *Hawks,* 198.

3. Admitting that they possessed such power, there was no legal and valid exercise of it, nor was anything done by them which discharged the obligations of said bond, or released the obligors from their liability upon it. This can only be done by cancellation or release. *Manhood vs. Crick, Crokis Elis.* 716. *Norwood vs. Grype, Ib.* 727. *Steptoe's Admr. vs. Harvey's Admr.* 7 *Leigh,* 501. *Higgins' case,* 3 *Coke's Reps.* 346. *Bailey vs. Wright,* 3 *McCord,* 484. *Roades vs. Barnes, Burrow's Reps.* 1 *vol.* 9.

Points made, and authorities cited, by I. L. HARRIS, for securities, defendants in error—

The bond sued below must be considered as a voluntary bond. See case, *Governor, for use of Tarpley, vs. Meredith.*

If a voluntary bond, and it was offered and received below as such *only,* it could not have been taken, pursuant to Judiciary Act of 1799, (*Prince, p.* 430, *or* 1803, *Prince's Dig.* 176) and, therefore, the extent of authority conferred on those taking it by these Acts, cannot be the question.

The question is, may not those who, of their own accord, without any requirement of law, have taken a voluntary bond, and

with whom it is deposited, control that bond, so as to release or discharge the securities thereto?

The Governor, as the obligee, may release it directly. The agents of the obligee may do the same, by previous authority or subsequent ratification of their act, by silence and acquiescence.

The bond sued on was *substituted* by another—that second bond was sued on by the obligee and present usee—and they are estopped to deny the power of the agents in receiving the last, in lieu of the one sued.

The bond sued on should be declared void, for that one of the obligors sat in judgment upon its goodness and sufficiency, and without him, there was not an approval by three Justices.

The principle of the decision, in 6 *Geo. Rep.* 443, supports this ground. The Acts of 1799 and 1803, exhibit a general and unlimited delegation of power to take Sheriff's bonds, unless the direction to take "*good and sufficient securities, inhabitants and freeholders of the County, &c.*" be understood as restrictive.

A power imperfectly exercised, as in this case, by taking *insufficient security*, cannot be said to have been executed, until the duty is performed enjoined by Statute.

A general and unlimited power to take *good and sufficient* securities, must be held to include all the necessary and usual means of executing it with effect. *Comyn's Dig. Atty. c.* 5 *John. Reps.* 58. *Liv. on Agency,* 103.

Where the law commands or directs a thing to be done, it authorizes the *performance of whatever acts may be found necessary* for executing its command or direction. *Paley on Agency, passim.*

The Justices here, did not cancel and surrender a security to the public; they added to that security, by receiving a solvent obligor in lieu of an insolvent one. This was merely taking a cumulative security—a power admitted to belong to them—a power auxiliary and subordinate to the other, and vital to the proper exercise of the power granted to take bond.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] Was the *first* bond vacated by the taking of the *second?*
We think not.

The record shows, that the first was a good statutory bond.
Consider it, however, as a voluntary bond ; still it was given to
protect the people of Baldwin County, against the official mis-
conduct of Stephens, the Sheriff.    The *cestui que trust*—the bene-
ficiaries of the obligation—being incapable of giving or withhold-
ing their assent to this substitution of securities, it could not
be done without authority of law ; and this distinguishes this
case from one of ordinary agency.

But the insuperable objection to the change of security is, that
three only of the Court *approved* of the *second* bond, and
one of these was Beecher, a *co-obligor* in the *first* bond, which it
is contended, was discharged.